OPINION
{¶ 1} Shawn Cunigan appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which overruled his "Motion for the Modification and the Correction of an Illegal Sentence."
 {¶ 2} Cunigan's motion was directed to the sentences he received for two drug trafficking offenses in 1999. He received the maximum sentences for those offenses. He appealed to this court, and we affirmed his convictions. State v. Cunigan (Sept. 22, 2000), Montgomery App. No. 17924. Cunigan also appealed to the Supreme Court of Ohio, which refused to hear his appeal.State v. Cunigan (2001), 91 Ohio St.3d 1416, 741 N.E.2d 143.
 {¶ 3} On June 14, 2005, Cunigan filed his "Motion for the Modification and the Correction of an Illegal Sentence" in the trial court. He argued that the sentences imposed for his convictions were unwarranted and were not adequately supported by factual findings. On October 6, 2005, the court overruled the motion, concluding that the previously-imposed sentence was valid, that there was no provision in the law for reconsideration or modification of a valid final sentence, and that res judicata barred Cunigan's assertions of error. On November 9, 2005, Cunigan filed a notice of appeal.
 {¶ 4} On appeal, Cunigan reasserts the argument that he raised in the trial court. He also raises a variety of other arguments about the manner in which these findings were made and whether the trial court that imposed the sentence properly considered the purposes of felony sentencing. He does not address the trial court's finding in response to his motion that there was no mechanism in the law for a modification of his sentences or that his claims were barred by res judicata.
 {¶ 5} In response, the state correctly observes that R.C.2953.21 governs petitions for postconviction relief by one who believes that a judgment against him is void or voidable. Although Cunigan does not frame the arguments in his brief in terms of postconviction relief, his subsequent filings seem to acknowledge that that was the nature of his claim. R.C.2953.21(A)(2) requires that a petition for postconviction relief be filed within 180 days of the filing of the trial transcript with the court of appeals. Cunigan failed to comply with this provision insofar as he filed his motion almost five years after the appeal was decided. In such circumstances, the trial court may not consider the petition unless the petitioner can show that he was unavoidably prevented from presenting the claim within the specified time or that a new legal right applies retroactively to his claim and that, but for the error, he would not have been convicted. R.C. 2953.23(A).
 {¶ 6} Cunigan has not made any argument that he was unavoidably prevented from presenting his claim or that a new legal right applies to his case. He focuses, instead, on whether the trial court made the appropriate findings to impose the sentences that it did under the statutory sentencing scheme in effect at that time. Although he cites Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which played a role in subsequent changes to Ohio's sentencing scheme, he makes no constitutional argument related to the holding in that case.
 {¶ 7} Even assuming that Cunigan had argued that he was entitled to the benefit of a new legal right on the authority ofApprendi, we would be compelled to conclude that the trial court properly denied his petition for postconviction relief. Although the Supreme Court of Ohio recently held that parts of Ohio's felony sentencing scheme were unconstitutional, followingApprendi, it did not apply this holding retroactively. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 245 N.E.2d 470, ¶ 106. As such, Cunigan was not entitled to postconviction relief, and the trial court did not err in dismissing his petition.
 {¶ 8} Cunigan raises other issues in his reply brief, such as his claim that his agreement to cooperate with the state in a drug investigation in exchange for the dismissal of a charge against him was void. These issues were not raised in the trial court and have no bearing on the validity of the trial court's decision overruling Cunigan's motion for modification of his sentence. As such, we will not address these issues on appeal.
 {¶ 9} The assignment of error is overruled.
 {¶ 10} The judgment of the trial court will be affirmed.
Brogan, J. and Fain, J., concur.